The STATE of Ohio, Appellee,

v.

WILLMAN, Appellant.█

[Cite as *State v. Willman* (1991), 77 Ohio App.3d 344.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900601.

Decided Sept. 25, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, *William E. Breyer* and *Jody Luebbers,* Assistant Prosecuting Attorneys, for appellee.

*Ronald Harris,* for appellant.

*Per Curiam.*

On May 15, 1990, Harold Todd Willman, defendant-appellant, was indicted on one count of attempted aggravated burglary with two specifications, one based upon a prior conviction for an aggravated robbery and the other upon a prior conviction for a crime of violence.

On July 19, 1990, the jury returned a guilty verdict on the attempted aggravated burglary charge and further found that the defendant had been previously convicted of an aggravated felony. The defendant was sentenced as appears of record. On August 6, 1990, the second specification was dismissed.

In this appeal, the defendant asserts four assignments of error. For the reasons that follow, we find that the assignments are not well taken.

The record reveals that since 1988, the defendant has been harassing Brenda Raines, the prosecuting witness. The defendant even attempted to abduct Raines in 1988 while she was sitting at a bus stop and was, in fact, convicted of that attempted abduction in 1990. There have also been several incidents where the defendant has come to Raines's apartment, jiggled the doorknob, hit the door and slammed himself against the door.

On April 3, 1990, Raines, her ten-month-old daughter and her younger brother, Larry Adkins, were in Raines's apartment watching television. Around 8:25 p.m., the defendant began rattling the front doorknob. When Raines looked through the peephole and recognized the defendant, she told her brother to take the baby into another room and call "911." After screaming to a neighbor for help, Raines saw the defendant running up a trail behind her apartment. The incident was reported to the police, who subsequently arrested the defendant on April 5, 1990.

In his first assignment of error, the defendant argues that the trial court erred in denying an attempt to challenge Raines's credibility with evidence of her juvenile record, which contained a delinquency adjudication for arson, an aggravated felony. Seeking to avoid the general rule in Ohio that "[e]vidence of juvenile adjudications is not admissible except as provided by statute enacted by the General Assembly," Evid.R. 609(D), the defendant relies on *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, which recognized that a state policy prohibiting the admission of a juvenile record at trial may have to give way to a defendant's Sixth Amendment right of confrontation.

This court addressed this question in *State v. Sterling* (Nov. 14, 1984), Hamilton App. No. C–840043, unreported, 1984 WL 7067, where a defendant attempted to challenge a witness's general credibility by introducing evidence of his juvenile record. Noting that *Davis* drew a distinction between a general attack on credibility as a matter of the witness's character and a more particular attack designed to impugn credibility by suggesting possible biases, prejudices or ulterior motives of the witness, we held in *Sterling* that the exclusion of a juvenile record does not give rise to a constitutional violation under *Davis* where the evidence is used only to further a general attack on the witness's credibility. We find the same circumstances in the case before us now. The defendant has failed to demonstrate how the introduction of Raines's juvenile record into evidence would have resulted in anything more than a general attack on her character for truthfulness. As such, we hold that the trial court did not err when it refused to allow the defendant to cross-examine Raines concerning her past delinquency adjudication. The first assignment of error is overruled.

In his second assignment of error, the defendant asserts that the trial court erred in limiting the scope of cross-examination, as to Raines's history of psychiatric or psychological treatment, to two years. At a conference between the defendant's counsel, the prosecutor and Raines, held in the judge's chambers, the trial judge suggested that any development of Raines's psychiatric history be limited in time. Defense counsel responded by saying:

"MR. DAVIS: My request, your Honor, I did in the subpoena I asked to go back only ten years. However, I would I would [*sic*] agree that possibly two, possibly three years. Two years I think would be agreeable with me if we can go back two years."

Not only did defense counsel acquiesce in the trial court's suggestion of limiting the scope of cross-examination, but it was defense counsel who actually suggested the two-year period. That being the case, the defendant has waived any claim that he was prejudiced by that limitation. Consequently, the assignment of error is overruled.

In the third assignment of error, the defendant claims that there was insufficient evidence to support a guilty verdict for attempted aggravated burglary. The defendant specifically takes issue with the element of intent, arguing that the evidence was insufficient to establish that he had the purpose to commit a theft or any felony pursuant to R.C. 2911.11.

The record demonstrates that the defendant tried to force his way into the apartment where Raines lived. The defendant had been harassing Raines for several years and stood convicted of a felony for attempting to abduct her. The jury could reasonably infer under these circumstances that the attempt forcibly to enter Raines's dwelling occurred with the intent to commit a theft or other felony. See *State v. Flowers* (1984), 16 Ohio App.3d 313, 16 OBR 344, 475 N.E.2d 790; *State v. Castleberry* (May 14, 1986), Hamilton App. No. C–850426, unreported, 1986 WL 5505. We hold that there was substantial evidence upon which the jury could reasonably conclude that all the elements of the offense of attempted aggravated burglary had been proved beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus. Therefore, the third assignment of error is overruled.

In his fourth and final assignment of error, the defendant asserts that the jury verdict was against the manifest weight of the evidence. However, after reviewing the entire record, weighing the evidence and considering the credibility of the witnesses, we cannot say that the jury, in resolving conflicts in the evidence, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652; *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148; *State v. Martin* (1983),

20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717.  The fourth assignment of error is overruled.  Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.